PROB 12C
(7/93)

# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Angelo Taylor                           Case Number: A04-008 CR (RRB)

Sentencing Judicial Officer:        Ralph R. Beistline U.S. District Court Judge

Date of Original Sentence:          August 5, 2004

Original Offense:                   Escape

Original Sentence:                  14 months jail, 3 years supervised release, $100 special assessment

Date Supervision Commenced:         January 6, 2006

Asst. U.S. Attorney: Audrey Renschen                      Defense Attorney: Kevin McCoy

---

## PETITIONING THE COURT

[X]   To issue a warrant **[currently in custody on a Petition filed in A01-004 CR (JMF)]**
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that the defendant has failed to submit to drug testing since March 13, 2006. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the defendant has failed to submit monthly supervision reports for the months of April, May, and June, 2006. This violation is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the probation officer," in that on or about March 3, 2006, the defendant reported residing at 3929 San Roberto #3, Anchorage, Alaska, when in fact, he did not reside at this address. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
Name of Offender      :      *Angelo Taylor*
Case Number           :      *A04-008 CR (RRB)*

| | |
|---|---|
| 4 | The defendant has violated the Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the Probation officer and follow the instructions of the probation officer, " in that on March 10, 2006, the defendant stated that he was residing with his girlfriend at 11401 Heritage Court #3, Eagle River, when in fact, he did not reside at this address.  This violation is a Grade C violation. |
| 5 | The defendant has violated the Standard Condition of Supervision 5, "The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons," in that during the period of supervision the defendant has provided no proof of ever obtaining employment or going to school.  This violation is a Grade C violation. |
| 6 | The defendant has violated the Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the Probation officer and follow the instructions of the probation officer," in that on March 3, 2006, the defendant informed the probation officer that he had obtained employment with the Alaska Railroad, when in fact he had never been employed by the Alaska Railroad.  This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**
*for* Travis Lyons
U.S. Probation/Pretrial Services Officer
Date: June 6, 2006

Approved by:

**REDACTED SIGNATURE**
Eric D. Odegard
Supervising U.S. Probation Officer

*Petition for Warrant or Summons*
*Name of Offender*   :   *Angelo Taylor*
*Case Number*   :   *A04-008 CR (RRB)*

## THE COURT ORDERS

[✓]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

**REDACTED SIGNATURE**

Ralph R. Besitline
U.S. District Court Judge

June 7, 2006
Date

---

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

-3-

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>)<br>vs. )<br>)<br>)<br>Angelo Taylor                              ) | Case Number: A04-008 CR (RRB)<br><br>DECLARATION IN SUPPORT OF PETITION |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Angelo Taylor, and in that capacity declare as follows:

On August 5, 2004, the defendant was sentenced to 14 months jail and three years supervised release for Escape in violation of 18 U.S.C. § 751(a).

The defendant started his supervised release on or about January 6, 2006. Among the defendant's standard conditions of supervision is that he submit a truthful and complete monthly report within the first five days of the month, that he answer truthfully all inquiries by the probation officer, that he notify the probation officer at least ten days prior to any change in residence or employment, and that he submit to monthly drug testing as determined by the probation officer.

Since his release, and on monthly reports for January and February, 2006, the defendant has reported a physical address of 3929 San Roberto #203, Anchorage, Alaska, residing with his brother, his brother's girlfriend, and their infant child. Several attempts to contact the defendant at that residence were unsuccessful. On March 10, 2006, the defendant was confronted with this information, and that the probation officer did not believe he was actually residing at that residence. The defendant admitted that he was not residing at the San Roberto address, and then reported residing with his girlfriend, Danielle and her sister Crystal at 11401 Heritage Court #3, Eagle River, Alaska. The defendant was counseled regarding the need to report correct information and that it was a violation of his conditions of release to report false information regarding his residence.

On March 16, 2006, the probation officer attempted to contact the defendant at the reported Eagle River address. According to Crystal, the defendant's girlfriend's sister, the defendant was not residing there, nor had he ever resided there. While she answered the door, Crystal was on the telephone with the offender's girlfriend Danielle, who was yelling at Crystal and telling her to lie to the probation officer and to inform the probation officer that the defendant

did indeed reside at their address. Crystal informed her sister that she would not lie and hung up the phone. Crystal then informed that the defendant and her sister Danielle had been dating approximately two weeks, and that he had been at the residence on two occasions, but has never stayed the night there and had no clothing or other personal items there.

On March 3, 2006, the defendant reported obtaining employment at the Alaska Railroad. On March 17, 2006, the probation officer contacted the Alaska Railroad/ESS Services to confirm his reported employment. The probation officer was informed that the defendant was not, nor had he ever been employed by the Alaska Railroad The defendant has never provided any proof of being gainfully employed or of attending school.

The defendant was also to call a "drug testing" phone number daily and to submit to testing as directed. The defendant has missed approximately five randomly scheduled drug tests, failing to report since March 13, 2006.

The defendant has also failed to submit monthly supervision reports since March, 2006, missing April, May, and June.

Since his release, the defendant's actual physical address has been unknown and his last contact with this office was on March 21, 2006.

Executed this 6th day of June, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Travis Lyons
U.S. Probation Officer
District of Alaska